COVINGTON, Judge.
This is an appeal from a judgment of the trial court dismissing the claim of plaintiffs and rendering judgment in favor of the defendant, Enola Marie Melancon, wife of Howard A. Perez, in a suit to annul the judgment of possession in the Succession of Alex Joseph Melancon, Number 10,379 on the Probate Docket of the Seventeenth Judicial District Court, Parish of Lafourche, State of Louisiana, which recognized the defendant as the sole heir of her deceased brother, Alex Joseph Melancon. We affirm.
Alex Joseph Melancon died in Raceland, Lafourche Parish, Louisiana, on July 13, 1979. His parents predeceased him. He was never married, had no children, and never adopted, nor was adopted. The deceased was one of three children of Willie Melancon and Anita Kiff Melancon. One of his sisters, Enola Marie Melancon, wife of Howard A. Perez, survived him. The other sister, Victoria Marie Melancon, never married but had five children, who are the plaintiffs in this suit to annul. Victoria predeceased Alex, having died about 1930.
The plaintiffs, Floyd F. Falgout, Sr., Lloyd J. Falgout, Genevia Falgout Adams, Hazel Falgout Matherne and Shirley Falg-out Garibaldi, brought this petition to nullify the aforesaid judgment of possession, dated November 12, 1979, alleging that as the children of Victoria Melancon they are her legal heirs and descendants, entitled to represent her in the aforesaid succession and are entitled to their pro-rata share of the property of the succession. The petition alleges that the judgment of possession was obtained through fraud because the affidavit of death and heirship fails to refer to Victoria’s five children despite the fact that this was well known to the defendant.
We believe that Succession of Wesley, 224 La. 182, 69 So.2d 8 (1953), is dispositive of this case. See also Quiett v. Estate of Moore, 378 So.2d 362 (La.1979), on rehearing. Illegitimate children, such as the plaintiffs herein, are not granted any right of inheritance to the estate of the legitimate relations of their mother (or father). LSA-C.C. art. 921.
For the foregoing reasons and the written reasons for judgment assigned by the trial judge in this matter,[1] we conclude that the plaintiffs have no right of inheritance in the estate of Alex Joseph Melancon, and that the trial court properly dismissed the suit to annul the judgment of possession herein. The judgment appealed is affirmed at appellants’ costs.
AFFIRMED.
APPENDIX A
SUCCESSION OF ALEX * 17TH JUDICIAL DISTRICT JOSEPH MELANCON COURT
• PARISH OF LAFOURCHE
PROBATE NUMBER 10379
• STATE OF LOUISIANA

*1296 REASONS POR JUDGMENT
WOLLEN J. FALGOUT, Judge.
This matter arises out of a petition to nullify a Judgment of Possession:
Alex Joseph Melancon was one of three children. He never married, never adopted anyone and he himself was never adopted. His parents were deceased at the time of his death. Alex Joseph Melancon died in Raceland, Louisiana on July 13, 1979 being survived by his sister, Enola Marie Melan-con, wife of Howard A. Perez and five children of his other predeceased sister, Victoria M. Melancon, the plaintiffs in this case. Victoria M. Melancon was never married, hence, the petitioners are illegitimate children of their deceased mother, Victoria. Enola Marie Melancon, wife of Howard A. Perez, was recognized as the sole heir of the deceased Alex Joseph Melancon in a Judgment of Possession signed November 12, 1979.
Petitioners contend that they are entitled to represent their deceased mother under Article 897 of the Louisiana civil code. Article 897 provides:
“In the collateral line, representation is admitted in favor of the children and descendants of the brothers and sisters of the deceased, whether they came to the succession in concurrence with the Uncle and Aunts . . ."
Respondents, Enola Marie Melancon, contends that she is entitled to the succession of her brother, Alex Joseph Melancon, as the only surviving sister and that the petitioners have no right to the succession citing civil code article 921. Civil code Article 921 reads as follows:
“The law does not grant any right of inheritance to natural children * to the estate of the legitimate relations of their father or mother.” (* English translation of French Text incomplete; should include “even when duly acknowledged.”)
There are several articles of the La. civil code that are relevant to the facts of this case.
Article 206 provides:
“Illegitimate children, though duly acknowledged, cannot claim the rights of legitimate children. The rights of natural children are regulated under the title: of Successions.”
Article 877 found in the title “of Successions” provides as follows:
“Legal succession is that which the law has established in favor of the nearest relation * of the deceased.” (* English translation of French text incomplete; should include “legitimate.”)
In this same section of the code, article 886 states that there being no testament or the testament be null or without effect, the succession is then open in favor of the legitimate heirs, by the mere operation of the law. Article 921, in the chapter “of Irregular Succession”, states clearly that:
“The law does not grant any right of inheritance to natural children * to the estate of the legitimate relations of their father or mother.” (* English translation of French text incomplete; should include “even when duly acknowledged”).
Act no. 607 arising out of the 1979 Regular legislative session does not in any way effect the substance of the article cited earlier.
In the case of Succession of Wesley, La.App., 69 So.2d 8, Gus Wesley, an illegitimate, died intestate without ascendants or descendants leaving only a separate estate. The claimants to the succession were his widow and a half-sister of legitimate birth. The La. Supreme Court states on page 13 of the opinion as follows:
Under article 923 the Natural brothers and sisters of a deceased natural child, the other natural children of the same parent, are called to his succession if his father and mother died before him, and this in effect, excludes his brother and sister of legitimate birth from inheriting from him. Reciprocally, a Natural child cannot inherit from the children of his mother or father born in wedlock. Under article 921, the Natural child has no right of inheritance from the legitimate relations of his father or mother. Under this article, Gus Wesley, if he had survived the relatrix, would have had no right of inheritance in her succession.”
*1297 In the ease of Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288, a case arising out of Louisiana, the United States Supreme Court stated:
“But the choices reflected by the intestate succession statute are choices within the power of the state to make. The Federal constitution does not give this Court the power to overturn the states choice under the guise of constitutional interpretation because the Justices of this Court believe that they can provide better rules. Of course, it may be said that the rules adopted by the Louisiana Legislature “discriminate[s]” against illegiti-mates. But the rules also discriminate against collateral relations, as opposed to ascendants, and against ascendants as opposed to descendants.”
“. . . [b]ut the power to make rules to establish, protect, and strengthen family life as well as to regulate the disposition of property left in Louisiana by a man dying there is committed by the Constitution of the United States and the people of Louisiana to the legislature of that State.”
The case of Labine v. Vincent has not been specifically overruled.
Accordingly, the petition to nullify the Judgment of Possession will be dismissed at the cost of plaintiff petitioners.
DATED: Jan. 4, 1980.

. Attached as Appendix A.